REED SMITH LLP
Jason T. Mayer (*pro hac vice* forthcoming)
jmayer@reedsmith.com
10 South Wacker Drive, 40th Floor
Chicago, IL, 60606-7507

Adam C. Pullano (SBN 298792)
apullano@reedsmith.com
Hye Jin Lee (SBN 347209)
annalee.lee@reedsmith.com
REED SMITH LLP
515 South Flower Street
Suite 4300
Los Angeles, CA  90071
Tel: +1 213 457 8000
Fax: +1 213 457 8080

*Attorneys for Defendant California Physicians'
Service dba Blue Shield of California*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PHI HEALTH, LLC, a Louisiana limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA, a California corporation; SELF-INSURED SCHOOLS OF CALIFORNIA, a California company; and DOES 1-3,<br><br>Defendants. | Case No.   4:25-cv-4810<br><br>[REMOVAL FROM SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA, CASE NO. 25CV119222]<br><br>**DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446**<br><br>[FEDERAL QUESTION JURISDICTION]<br><br>[Filed concurrently with Certificate of Interested Parties, Declaration of Adam C. Pullano] |

**TO THE CLERK FOR THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES:**

**PLEASE TAKE NOTICE** that Defendant California Physicians' Service dba Blue Shield of California ("Blue Shield") hereby removes Case No. 25CV119222, *PHI Health, LLC v. California Physicians' Service d/b/a Blue Shield of California, a California corporation, et al.,* from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California, Oakland Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Removal of this action is proper because federal question jurisdiction exists, given that Plaintiff alleges claims against Blue Shield arising under several federal statutes, including violation under the federal No Surprises Act, 42 U.S.C. § 300gg-111. In support of this Notice of Removal, Blue Shield states as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. On April 17, 2025, Plaintiff PHI Health, LLC ("PHI") filed its petition ("Complaint") against Blue Shield in the Superior Court of the State of California, for the County of Alameda captioned *PHI Health, LLC v. California Physicians' Service d/b/a Blue Shield of California, a California corporation, et al.,* Case No. 25CV119222 (the "State Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, along with a copy of all process, pleadings, orders, and publicly-available documents filed in the State Action, is attached hereto as **Exhibit A**.

2. In the Complaint, PHI alleges that this action was filed to confirm and enforce an independent dispute resolution ("IDR") determination issued pursuant to the federal No Surprises Act ("NSA"), 42 U.S.C. § 300gg-112. *See* **Ex. A**, ¶¶ 14-30. The Complaint asserts causes of action for (1) enforcement of an IDR award under the California Arbitration Act; (2) an implied right of action under the federal NSA; (3) Breach of Implied Contract; (4) Common Count; (5) Declaratory Relief for failure to comply with the NSA and California laws; and (6) Unfair Business Acts and Practices. *See* **Ex. A**, ¶¶ 31-61. PHI seeks damages of $20,846.30, as well as interest, costs, and fees. *See* **Ex. A**, p. 10.

3. Blue Shield was served with process on June 4, 2025.

DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446

4. Blue Shield is contemporaneously filing a Certificate of Interested Entities pursuant to Local Rule 3-15 and Fed. R. Civ. P. 7.1 with this Notice of Removal.

5. To the best of Blue Shield's knowledge, Blue Shield is the only defendant that has been properly joined and served in the State Action.

6. As set forth more fully below, the State Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 because the Northern District of California has subject matter jurisdiction over this action and Blue Shield has met all the procedural requirements for removal.

7. In filing this Notice of Removal, Blue Shield is not waiving any motions, objections, or defenses available under state or federal law, including, but not limited to, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to join, and/or misjoinder. Further, Blue Shield expressly reserves the right to amend or supplement this Notice of Removal.

## II. JURISDICTION

8. Pursuant to 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. A case arises under federal law when the face of plaintiff's well-pleaded complaint invokes federal law as the basis for relief. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9. A defendant may remove "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). When a case raises a claim "arising under" federal law, the "entire case may be removed." 28 U.S.C. § 1441(c).

10. Here, PHI alleges claims against Blue Shield arising under the federal NSA. Specifically, Count Two alleges a claim for an implied right of action under the NSA. *See generally* **Ex. A**. Because PHI brings claims against Blue Shield "arising under" federal law, the Court has federal question jurisdiction, and the case may be removed. 28 U.S.C. §§ 1331, 1441.

11. The Court may also exercise supplemental jurisdiction over PHI's remaining state law claims. District courts have supplemental jurisdiction over all state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution." 28 U.S.C. § 1367. Claims are part of the "same case or controversy" if they "derive from a common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

12. Here, PHI's claims all relate to the same common nucleus of operative facts because they all seek to enforce an alleged IDR determination issued under the NSA. *See* **Ex. A**, ¶¶ 14-30. All of PHI's causes of action in this action, therefore, "derive from a common nucleus of operative facts" such that they form the "same case or controversy." 28 U.S.C. § 1367(a). Accordingly, the Court has supplemental jurisdiction over PHI's state law claims.

### III.  TIMELY REMOVAL

13. "The Supreme Court has explained that 'a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1132 (9th Cir. 2011) (quoting *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999)) (emphasis in original). Plaintiff served Blue Shield on June 4, 2025. *See* Pullano Decl. ¶ 2. Accordingly, this Notice of Removal is timely because it is being filed within 30 days of service of the Complaint filed by PHI.

### IV.  VENUE IN THIS COURT IS PROPER

14. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is properly filed in the United States District Court for the Northern District of California.

15. Plaintiff originally filed the State Action in the Superior Court of California, County of Alameda, which is located within the Northern District of California. *See* 28 U.S.C. § 84(a). Therefore, the United States District Court for the Northern District of California is the proper venue to where

this action should be assigned because it is "the district and division embracing the place where such action is pending." *See id*. § 1441(a).

## V. COMPLIANCE WITH ADDITIONAL PROCEDURAL REQUIREMENTS FOR REMOVAL

16. Blue Shield has fully complied with the procedural requirements for removal set forth in 28 U.S.C. § 1446.

17. In accordance with 28 U.S.C. § 1446(a), Blue Shield has filed a copy of all process, pleadings, and orders on file in the State Action with this Notice of Removal. *See* Section I, *supra*, and **Ex. A**.

18. Pursuant to 28 U.S.C. § 1446(d), Blue Shield will provide this Notice of Removal to Plaintiff, through its Counsel of record, Doll Amir & Eley LLP, by its address of record at 515 S. Flower St., Suite 1812, Los Angeles, CA 90071, and will promptly file a copy of this Notice of Removal in the Superior Court of California, County of Alameda, before which the State Action is pending.

31. No previous request has been made for the relief requested herein.

32. As Blue Shield is the only named defendant that has been served in this State Action, Blue Shield need not obtain consent as to removal.

33. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

## VII. CONCLUSION

WHEREFORE, Blue Shield hereby gives notice that this action is removed from the Superior Court of California, County of Alameda to the United States District Court for the Northern District of California and respectfully requests that this Court exercise jurisdiction over this action and grant any relief as deemed just and proper.

DATED: June 6, 2025

REED SMITH LLP

By: /s/ Adam C. Pullano
    Jason T. Mayer
    Adam C. Pullano
    Hye Jin Lee
    *Attorneys for Defendant California Physicians' Service dba Blue Shield of California*

–5–

DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446

# CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, a copy of the foregoing document has been filed and served electronically using the Court's ECF/CM system upon all counsel of record in this case and is available for viewing and downloading.

/s/Adam C. Pullano
Adam C. Pullano
*Attorney for Defendant California Physicians' Service dba Blue Shield of California*